

July 25, 2022

**VIA ECF**

Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re:**     **Status Letter**
Stephen Gannon v. 124 East 40th Street LLC, et al.
Case # 1:22-cv-361

Dear Judge Schofield,

 This law firm represents Plaintiff Stephen Gannon ("Plaintiff") in this action. Pursuant to the Civil Case Management Plan and Scheduling Order entered by the Court on May 24, 2022 (Docket No. 46) Plaintiff and Defendant submit this Joint Status Letter as outlined in Individual Rule IV.A.2.

 History: The Plaintiff's Complaint was filed on January 14, 2022, was not timely answered, and a certificate of default was issued by the Clerk of the Court on March 25, 2022. On April 11, 2022 counsel for Defendant entered a Notice of Appearance. Defendant filed Answer on April 14, 2022.  The Court entered a Case Management Plan on May 26, 2022.

 Discovery: On June 8, 2022, Plaintiff and Defendant exchanged initial disclosures by email. Also on June 8, 2022, Plaintiff sent discovery requests to Defendant's counsel via electronic mail.  That same day, Defendant served discovery requests on Plaintiff via email and claims to have done so by regular mail, although hard copies were never received by Plaintiff's counsel in the mail.

Adam D. Ford                                                                                               adam.ford@fordhufflaw.com
228 Park Avenue South                                                                                              (212) 287-5913
New York, New York 10003                                                                                     www.fordhufflaw.com

Re: Joint Status Letter
July 25, 2022
Page **2** of **2**

On July 8 and 11, 2022, Plaintiff served responses to Defendant's discovery requests via electronic mail.  Defendant claims they sent responses to Plaintiff's discovery requests on July 20, 2022 via regular mail. These responses have not been received by Plaintiff's counsel either by email or in paper form via regular mail.

Today for the first time, while preparing this joint letter, Defendant asserted that Plaintiff did not properly serve discovery requests by regular mail as required by F.R.C.P. 5(b)(2)—having not consented in writing to service of discovery requests by email. Defendant is correct. Although Plaintiff has never before had an opposing party seek to avoid responding to discovery served in the normal course of a case based on the failure to send a hard copy by mail, a review of the case law shows that such an avoidance is legally possible. Plaintiff's counsel will effectuate proper service of its discovery requests by mailing out hard copies without delay.

Plaintiff's counsel believes Defendant's refusal to accept service of discovery requests by email, and Plaintiff having not received any responses to its discovery requests to date, 47 days after sending them by email, likely means that it will be necessary to extend the discovery deadlines as currently set forth in the Case Management Plan.

While Defendant's counsel provided feedback on an earlier draft of this letter, they have not signed off on this final version and so counsel is submitting it in order to meet the Court's deadline without final approval from Defendant's counsel.

We thank the court for its attention in this matter.

> Respectfully Submitted,
>
> /s/ Adam Ford
> Adam Ford, Counsel to Plaintiff
> Ford & Huff LC

cc:     All Counsel of Record (via ECF)

