

September 21, 2022

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Defendant shall file a responsive letter, not to exceed three pages, by **September 27, 2022**.

So Ordered.

Dated: September 22, 2022
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**Re:    Letter Motion to Request a Pre-Motion Discovery Conference**
Stephen Gannon v. 124 East 40th Street LLC, et al.
Case # 1:22-cv-361

Dear Judge Schofield,

This law firm represents Plaintiff Stephen Gannon ("Plaintiff") in this action. Pursuant to Local Civil Rule 37.2 and Section III of Your Honor's Individual Rules and Procedures, Plaintiff writes to request a telephonic Pre-Motion Discovery Conference during the week of October 3-7th at a time of Court's convivence. Plaintiff seeks to have Defendant's answer to the complaint stricken as sanction for failure to comply with discovery in the case and award Plaintiff counsel fees for having to seek the Court's intervention.

On June 8, 2022, Plaintiff and Defendant exchanged initial disclosures by email. Also on June 8, 2022, Plaintiff sent discovery requests to Defendant's counsel via electronic mail. On July 25, 2022, Defendants asserted that they had no obligation to respond to Plaintiff's discovery requests because they were not served by regular mail pursuant to FRCP 5(b)(2). On July 29, 2022, Plaintiff mailed hard copies of the discovery requests to Defendant's counsel. (Docket no. 50)

This Court ordered Defendants to respond to the discovery "within 30 days of effective service so that depositions can be scheduled prior to the current fact discovery deadline of September 21, 2022." (Docket no. 49). On July 26, 2022, a legal assistant for Defendant's

**Adam D. Ford**                                                    adam.ford@fordhufflaw.com
228 Park Avenue South                                                          (212) 287-5913
New York, New York 10003                                                  www.fordhufflaw.com

**Re: Letter Motion to Request a Pre-Motion Discovery Conference**
July 25, 2022
Page **2** of **3**

counsel sent an email with responses to Plaintiff's Requests to Admit, Document Requests, and Interrogatories. (See attached.)

These responses included not a single substantive response to a single interrogatory and not a single document was produced in response to the requests for documents.

All counsel participated in a call to discuss the serious deficiencies in Defendant's responses to discovery on September 14, 2022. Defendant agreed on the call that they would supplement their discovery responses prior to the end of fact discovery (today) but have failed to do so. To be clear, they did not agree to provide any documents or give any substantive responses to interrogatories but were going to at least add additional objections.

For instance, Defendant's counsel defended their lack of response to discovery on the call, for the first time (it is not in either written response), by asserting that SDNY Local Rule 33.3 protected them from answering the interrogatories because they were "contention interrogatories."

SDNY Local Rule 33.3, in pertinent part, says that contention interrogatories (and all other types of interrogatories) are permissible in two cases: first, "if they are a more practical method of obtaining the information sought than a request for production or a deposition;" and second, "at the conclusion of discovery."

Since Defendants produced not a single document in response to document requests, it is hard to see how they can argue that document production was a more practical method of obtaining information. It seems absurd to insist that Plaintiff proceed to deposition without any documents produced and no interrogatory answered. Therefore, clearly, in this case interrogatories were the "more practical" way of proceeding.

Even if the Court were to disagree on the practicality argument, today is the last day of fact discovery under the Case Management Plan ordered by the Court. (Docket no. 46) Defendant's responses were served on July 26, 2022, only 56 days before the end of fact discovery. This qualifies as "the conclusion of fact discovery" under Local Rule 33.3(c), making all types of interrogatories permissible, especially when considering that interrogatories must be served at least 30 days prior to the end of fact discovery.



**Re: Letter Motion to Request a Pre-Motion Discovery Conference**
July 25, 2022
Page **3** of **3**

The egregiousness of Plaintiff's failure to participate in good faith in discovery is highlighted by the fact that Defendant's know they at one point sought and obtained permission to install an ADA compliant ramp at the entrance to their 11-story midtown office building (this ramp was never installed—there is a ramp into a commercial business on the ground floor, but no ramp into the building for access to the offices above, only a step). Documents and communications regarding this permit and process were requested and must exist and are certainly relevant to the case, but nothing was produced. This is just one example.

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a court "has broad discretion to impose sanctions" when a party engages in discovery misconduct. Fleming v. City of N.Y., No. 01 CV 8885, 2006 U.S. Dist. LEXIS 55733, 2006 WL 2322981, at *5 (S.D.N.Y. Aug. 9, 2006) ("Fleming I") (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976)); accord FED. R. CIV. P. 37(b)(2) & (c)(1). See, also, Silverman & Silverman, LLP v. Pacifica Found., No. 11 CV 1894 (FB)(RML), 2014 U.S. Dist. LEXIS 102015 (E.D.N.Y. June 23, 2014)

Plaintiff believes that the relevant case law and Rule 37 as applied to the facts of this case justify the filing of a motion for discovery sanctions and asks the Court to so allow.

We thank the court for its attention in this matter.

Respectfully Submitted,

Adam Ford, Counsel to Plaintiff
Ford & Huff LC

cc:   All Counsel of Record (via ECF)

