**AG&A** | **ANSELL GRIMM & AARON** PC
COUNSELORS AT LAW

365 RIFLE CAMP ROAD
WOODLAND PARK, NEW JERSEY 07424
973-247-9000
973-247-9199 (FAX)

1500 LAWRENCE AVENUE
CN7807
OCEAN, NEW JERSEY 07712
732-922-1000
732-922-6161 (FAX)

214 CARNEGIE CENTER
SUITE 112
PRINCETON, NEW JERSEY 08540
609-751-5551

140 GRAND STREET
SUITE 705
WHITE PLAINS, NEW YORK 10601
800-569-3886

41 UNIVERSITY DRIVE
SUITE 400
NEWTOWN, PENNSYLVANIA 18940
267-757-8792

www.ansellgrimm.com

RICHARD B. ANSELL ‡
PETER S. FALVO, JR.
JAMES G. AARON
PETER B. GRIMM
MITCHELL J. ANSELL
BRIAN E. ANSELL‡
ALLISON ANSELL◦†
MICHAEL V. BENEDETTO
DAVID B. ZOLOTOROFE
DONNA L. MAUL•
RICK BRODSKY•
LAWRENCE H. SHAPIRO•□§
ROBERT A. HONECKER, JR. □§
JENNIFER S. KRIMKO
FREDERICK C. RAFFETTO~
JOSHUA S. BAUCHNER•
DAVID J. BYRNE□
ANDREA B. WHITE ••

EDWARD J. AHEARN
JASON S. KLEIN•
MELANIE J. SCROBLE
BARRY M. CAPP•∆
DOUGLAS A. DAVIE•
ELYSA D. BERGENFELD
RICHARD B. LINDERMAN□
CRAIG D. GOTTILLA •□
KEVIN M.CLARK
KRISTINE M. BERGMAN□
JESSICA T. ZOLOTOROFE
TARA K. WALSH•
RAHOOL PATEL•
NICOLE D. MILLER□
ALFRED M. CASO
ANTHONY J. D'ARTIGLIO•
SETH M. ROSENSTEIN•
ASHLEY WHITNEY•

COUNSEL
HON. ANTHONY J. MELLACI, JR., J.S.C. (RET)
STACEY R. PATTERSON•
JAMES A. SYLVESTER
ROY W. HIBBERD ▽∆
HON. RAYMOND A. HAYSER, J.T.C. (RET)
KELLY M. CAREY

RETIRED
ROBERT I. ANSELL
LISA GOLDWASSER•

IN MEMORIAM
LEON ANSCHELEWITZ (1929-1986)
MAX M. BARR (1929-1993)
MILTON M. ABRAMOFF (1935-2004)
DAVID K. ANSELL† (1962-2019)

LICENSED ALSO IN:
∆ D.C. ◦ MASS. • N.Y. * WASH.
□ PENN. ~ FLA. ▽ CALIF.

† FELLOW, AMERICAN
ACADEMY OF MATRIMONIAL
LAWYERS

‡ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CIVIL TRIAL ATTORNEY

§ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CRIMINAL TRIAL ATTORNEY

• CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
MATRIMONIAL LAW ATTORNEY

**Reply to: Woodland Park**
**Telephone: (973) 247-9000**
**Fax:  (973) 247-9199**
**E-mail: smr@ansellgrimm.com**

September 29, 2022

<u>**Via ECF**</u>

Honorable Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *Stephen Gannon v. 124 East 40th Street LLC*
             Civ. A. No. 1:22-cv-361-LGS

Dear Judge Schofield:

    As you know, we represent Defendant 124 East 40th Street LLC ("Defendant") in the above-referenced matter. In accord with Your Honor's September 22, 2022 and September 23, 2022 Orders, we write to address Plaintiff's correspondence, dated September 21, 2022 (the "Letter"), concerning purported discovery deficiencies, among other things.

    As detailed in the undersigned's September 23, 2022 correspondence to the Court, all counsel previously met and conferred -- at which time we advised Plaintiff's counsel that Defendant would endeavor to amend its responses on or before September 21, 2022, and further search for any documents responsive to Plaintiff's requests. Contrary to counsel's assertion, Defendant committed to serving amended responses as promptly as practicable -- but did not set a hard deadline to do so. In light of Plaintiff's knowledge of Defendant's continued efforts, we were surprised that counsel elected to burden the Court with this matter. In any event, this morning we served amended discovery responses to Plaintiff's counsel, together with a document production Bates stamped D0001-D0046.

Honorable Lorna G. Schofield, U.S.D.J.
September 29, 2022
Page 2

The document production reflects Defendant's diligent efforts to search for and retrieve documents responsive to Plaintiff's demands. Indeed, a number of Plaintiff's demands appear to be of the cookie cutter variety, employed in other ADA accessibility actions filed by Plaintiff's counsel. By way of example, Request No. 1 seeks the production of documents and communications relating to sidewalk maintenance for a commercial property in Manhattan. As counsel is certainly aware, commercial property owners in Manhattan are not responsible for the sidewalks adjacent to their properties. Similarly, Plaintiff objects to Defendant not producing documents concerning other real property owned by Defendant's affiliated entities and those entities' finances. As Defendant does not assert that it lacks the financial wherewithal to remediate the purported accessibility issues, there is no basis for Plaintiff to seek production of documents concerning Defendant's property and finances, among other things.

Plaintiff also takes issue with certain objections pertaining to his contention interrogatories, which run afoul of Local Civil Rule 33.3. "In this District, contention interrogatories, unlike other types of discovery, are not designed to reveal new information to the opposing side. Rather, they are designed to assist parties in narrowing and clarifying the disputed issues in advance of summary judgment practice or trial." *Phillies v. Harrison/Erickson, Inc*., 2020 U.S. Dist. LEXIS 206749, *5 (S.D.N.Y. 2020). "Local Civil Rule 33.3(c) reflects this view by calling for contention interrogatories to be served only at the end of other fact discovery. Because the Rules do not anticipate that parties will use contention interrogatories to develop new information or provide notice of claims that could be followed by new rounds of other discovery, courts generally resist efforts to use contention interrogatories as a vehicle to obtain every fact and piece of evidence a party may wish to offer concerning a given issue at trial." *Id.* at *5-6.

As Plaintiff failed to engage in *any* fact discovery other than issuing requests for production and interrogatories, it is unclear how he determined that contention interrogatories are a more practical method of obtaining the information sought than a request for production or a deposition. Even a brief review of the majority of Plaintiff's interrogatories makes clear that Plaintiff does not seek new information from Defendant that cannot be addressed through Requests for Production and depositions. Instead, by way of example, Plaintiff improperly demands that Defendant "[s]tate the principal facts" on which certain *contentions* set forth in the Answer are made. As to the issuance of contention interrogatories at the conclusion of discovery, the interrogatories at issue were served while fact discovery was underway. And, for the avoidance of all doubt, Plaintiff's counsel *admitted* during our meet and confer that he was unaware of Local Rule 33.3 confirming that he prematurely and impertinently issued contention interrogatories in wholesale disregard of governing practice in this District.

We also address counsel's assertion that "Defendant's know [sic] they at one point sought and obtained permission to install an ADA compliant ramp at the entrance to their 11-story midtown office building…" *This is false*. As counsel concedes, there is a ramp into a commercial business on the ground floor -- which is the ramp detailed in the permit observed by Plaintiff and his counsel at the subject property. The "11-story midtown office building" that Plaintiff complains of utilizes a separate entrance and due to feasibility concerns no permanent ramp has

Honorable Lorna G. Schofield, U.S.D.J.
September 29, 2022
Page 3

been contemplated for that entrance. Despite the commercial business ramp next door being irrelevant to this action, documents concerning that ramp nevertheless were produced to Plaintiff.

Notably, moreover, a temporary ramp already exists at the location in compliance with the ADA. Counsel simply, and without basis, insists that a permanent ramp must be installed. We repeatedly advised counsel that our client is undertaking efforts to determine whether a permanent ramp is feasible at the location but, as the Court is likely aware, it is remarkably difficult to engage with contractors at this time and, although our client has contacted multiple companies, they have to date failed to respond. Nevertheless, we continue to investigate further remediation (again, a temporary ramp, with signage, and a buzzer are installed at the location) and repeatedly advised Plaintiff's counsel of this fact only to have it ignored.

In light of the above, it is plainly absurd that Plaintiff seeks to have Defendant's Answer to the Complaint stricken and be awarded attorneys' fees. Counsel's request is not surprising given his exorbitant and extortionist settlement demands, which are not based in fact or law. Defendant has made a good faith effort to address Plaintiff's discovery requests, and counsel's prematurely writing to the Court can only be viewed as fabricating a pretext for seeking an extension of fact discovery despite the Court's July 26, 2022 Order reminding the parties of Individual Rule I.B.2. Defendant respectfully asserts that the compelling circumstances contemplated by the Individual Rule do not exist, and the discovery period should not be extended.

We thank the Court for its courtesies, and are available to address this, or any other matter, at Your Honor's convenience.

Respectfully submitted,

Seth M. Rosenstein, Esq.

cc:   Adam D. Ford, Esq. (via ECF)