

October 19, 2022

Hon. Lorna G. Schofield
Southern District of New York
500 Pearl Street
New York, NY 10007
**Filed via ECF**

By **October 25, 2022**, Defendants shall file a responsive letter, not to exceed three pages.

So Ordered.

Dated: October 20, 2022
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

Re:     **Second Letter Motion to Request a Pre-Motion Discovery Conference**
        Stephen Gannon v. 124 East 40th Street LLC, et al.
        Civil Action # 22-cv-361

Dear Judge Schofield,

This law firm represents Plaintiff Stephen Gannon ("Plaintiff") in this action. Pursuant to Local Civil Rule 37.2 and Section III of Your Honor's Individual Rules and Procedures, Plaintiff writes to request a telephonic Pre-Motion Discovery Conference at a time of Court's convivence, as soon as possible.

After conferring by phone with Defendant's counsel today and failing to achieve accommodation of any kind, Plaintiff again seeks to have Defendant's answer to the complaint stricken as sanction for failure to comply with discovery in the case and asks the Court award Plaintiff counsel its fees for having to again seek the Court's intervention.

**Defendant's Discovery Still Deficient – Financial Information**

Defendants filed a letter with the Court on September 29, 2022 (Dkt. 55) which said, in relevant part:

> "As Defendant does not assert that it lacks the financial wherewithal to remediate the purported accessibility issues, there is no basis for Plaintiff to seek production of documents concerning Defendant's property and finances, among other things" (p. 2, para. 1).

Defendants added the following sentence to six answers in their Amended Requests for Production, served on September 29, 2022:

> "Defendant further objects to the Request as Defendant does not assert that it lacks the financial wherewithal to remediate the purported accessibility issues, rendering this Request irrelevant" (see Exhibit 1, Annotated Defendant's Amended Answers to Plaintiff's First Requests for Production).

**Adam D. Ford**                                                          adam.ford@fordhufflaw.com
228 Park Avenue South                                                                (212) 287-5913
New York, New York 10003                                                         www.fordhufflaw.com

**Re: Second Letter Motion to Request a Pre-Motion Discovery Conference**
October 19, 2022
Page **2** of **4**

Once Defendant objected, saying "tax returns are generally not discoverable in litigation." This has not been the experience of Plaintiff's counsel, and Defendant cites no case law or statue.

Defendant continues to refuse to provide any financial information which is clearly relevant and discoverable.

Under the ADA, disability discrimination includes "failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv) Under the ADA, "'readily achievable' means easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Factors to be considered when determining if a modification is readily achievable include: (1) the nature and costs of needed changes; (2) the financial resources of the facility, number of employees, effect on expenses and resources, and other impact on the facility; (3) the financial resources and size of the defendant; and (4) the type of operations at the facility and relationship between the facility and the defendant. Id. Quoted by, Kreisler v. Second Ave. Diner Corp., 2012 U.S. Dist. LEXIS 129298 (S.D.N.Y. Sep. 10, 2012).

The New York State Human Rights Law (NYSHRL) also adopts a "readily achievable" standard N.Y. Exec. Law § 296(2)(a) - (c). In order to conclude that a modification is "readily achievable" under the NYSHRL, the Court must analyze (1) the nature and cost of the needed action, (2) the overall financial and other resources and size of the facility, and (3) the type of operation. Id. § 296(2)(d)(i).

In order to make their prima facie case that alterations are readily achievable under both the ADA and NYSHRL, Plaintiff must compare the cost of the proposed remediation plan with the financial condition of the Defendant, for such analysis includes "both monetary and non-monetary considerations." Kreisler v. Second Ave. Diner Corp., 2012 U.S. Dist. LEXIS 129298 (S.D.N.Y. Sep. 10, 2012), quoting Roberts v. Royal Atl. Corp., 542 F.3d 363, 373 (2d Cir. 2008). Defendant refuses to provide financial information, preventing this analysis.

Therefore, Plaintiff asks that the Court strike Defendant's answer and enter judgment, or, in the alternative, enter an Order finding that any remediation plan proposed by Plaintiff, no matter its implementation cost, be deemed readily achievable under applicable law, regardless of its cost and without admitting or considering any evidence at summary judgment motion or at trial regarding "the overall financial and other resources and size of the facility." Defendant says that it "does not assert that it lacks the financial wherewithal to remediate the purported accessibility issues." Plaintiff asks that at a minimum this be made the Order of this Court.



Re: Second Letter Motion to Request a Pre-Motion Discovery Conference
October 19, 2022
Page **3** of **4**

**Defendant's Discovery Still Deficient – Rule 33.3 objections**

  Secondly, Defendants provided Amended Answers to Interrogatories on September 29, 2022, after the end of fact discovery. These amended responses, like the original, contain not a single substantive response to the questions asked. They are in fact a carbon copy of the previous answers with one exception: Defendant added the sentence "**Defendant further objects to the interrogatory on the grounds that it violated Local Civil Rule 33.3**" to four of its answers (see Exhibit 2, Annotated Defendant's Amended Answers to Plaintiffs First Set of Interrogatories).

  In its order of October 3, 2022, this Court specifically held that "Defendant's Local Rule 33.3 objections are not frivolous, but they nonetheless are unavailing, given that Defendant failed timely to produce any documents and made those objections relatively close to the conclusion of fact discovery" (Dkt. 56). In spite of the Court's order, Defendant has made no effort to provide second amended responses to the interrogatories. As all contention interrogatories are permitted at the end of fact discovery under Local Rule 33.3, certainly such objections should not prevail in the instance.

**Defendant's Discovery Still Deficient – Planned Modifications to the Building**

  Defendant did produce, on September 29, 2022, after the end of fact discovery, 46 pages of documents. The final page is the one-page work permit expiring on July 3, 2020, which plaintiff observed posted in the glass door of the building on his visit to the subject location in October of 2021 (see Exhibit 3, Annotated Work Permit, Bates-stamped Document D0046). The remaining 45 pages are architectural plans dated August 6, 2018, related to the building but are entirely unrelated to the work permit for the "installation of ADA ramp." No other documentation related to this work permit has been produced.

  Defendant's claim this is a case of immaculate conception of planned remediation. The work permit clearly shows that Defendant knew it did not have an ADA compliant ramp. Defendant clearly sought and obtained a bid and plans for remediation from All City Remodeling, Inc. Defendant clearly submitted documentation and plans to the city to obtain the permit. Defendant refuses to provide Plaintiff any documentation regarding this decision-making process, which would clearly show it was aware of the ongoing discrimination and, at least at one point, decided to fix it. All this is key evidence that Plaintiff is entitled to receive in discovery and depose the Defendant regarding it after receipt.

  In conclusion, the total failure of Defendant to engage in discovery in good faith, even after given repeated opportunities to do so, justify the striking of its answer and the entry of judgment. Plaintiff previously consented to the vacating of his well-founded motion for default judgment when Defendant was late to defend the action. But Defendant has not defended in good faith. The answer previously allowed, should be stricken.



**Re: Second Letter Motion to Request a Pre-Motion Discovery Conference**
October 19, 2022
Page **4** of **4**

We thank the court for its attention in this matter.

Respectfully Submitted,

Adam Ford
Ford & Huff LC

cc:   All Counsel of Record (via ECF)

