```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
STEPHEN GANNON,                                              :
                                      Plaintiff,             :
                                                             :        22 Civ. 361 (LGS)
              -against-                                      :
                                                             :        OPINION AND ORDER
                                                             :
124 EAST 40TH STREET LLC, JOHN DOE 1-                        :
X, persons yet unknown, Limited Liability                    :
Companies, Partnerships, Corporations 1-X,                   :
entities yet unknown,                                        :
                                      Defendants.            :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Stephen Gannon brings this action for damages, injunctive and declaratory relief and attorneys' fees and costs under the Americans with Disabilities Act (the "ADA"), the New York State Civil Rights Law (the "NYSCRL"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law (the "NYCHRL"). Plaintiff's complaint (the "Complaint") alleges that Defendant 124 East 40th Street LLC is the owner of a property at 124 East 40th Street in Manhattan (the "Property"), which is allegedly inaccessible to wheelchair users in violation of the ADA, NYSCRL, NYSHRL and NYCHRL. The additional Defendants, who have not been identified or served, are alleged to own, lease, maintain, have control over or have designed, built, constructed, operated or altered the Property.

Defendants move for summary judgment on all of Plaintiff's claims. For the reasons below, Defendants' motion is granted.

I. **BACKGROUND**

The following undisputed facts are drawn from the parties' statements pursuant to Federal Rule of Civil Procedure 56.1 and other submissions on this motion. The facts are undisputed except as noted.

Plaintiff uses a manually powered wheelchair for mobility due to an amputation of his right leg. On at least one occasion on October 11, 2021, Plaintiff attempted to visit a notary at an office located at the Property. The Property has a front step with a rise between five and seven inches due to a sloped sidewalk and does not have a permanent accessibility ramp. When Plaintiff visited the Property, Plaintiff alleges there was no visible signage regarding how wheelchair users could access the building, nor a doorbell to alert anyone inside the building that he required assistance. Defendants allege that there is a removable ramp present at the location, along with a signage and a doorbell. Plaintiff stated in an affidavit ("Plaintiff's Affidavit") that he intends to return to the Property whenever he needs a document notarized and hopes to be able to enter the Property in his wheelchair.

## II.   STANDARD

Summary judgment is appropriate where the record establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020).[1] "The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment." *Id*. In evaluating "whether there is a genuine issue as to a material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Id*.

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

2

### III. DISCUSSION

#### a. ADA Claims

Defendants move for summary judgment on Plaintiff's ADA claims, arguing that Plaintiff lacks standing and has failed to establish a prima facie case of disability discrimination. Defendants' motion is granted because Plaintiff lacks standing.

##### i. Standing

The Complaint and Plaintiff's Affidavit fail to state an injury in fact sufficient to establish standing under the ADA. Article III of the Constitution confines federal courts' jurisdiction to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case -- in other words, standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). One of the requirements for standing is that the plaintiff suffered an "injury in fact." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *accord Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022). This injury must be "concrete, particularized, and actual or imminent." *Calcano*, 36 F.4th at 74. A plaintiff seeking injunctive relief -- the only remedy available under Title III of the ADA -- also must show that he "is likely to be harmed again in the future in a similar way," and "[s]uch threatened injury must be certainly impending to constitute injury in fact." *Id*.

In the ADA context, the requirements for an injury in fact sufficient for standing to seek injunctive relief are: "(1) . . . past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' businesses to plaintiff's home, that plaintiff intended to return to the subject location." *Id.* (stating requirements for only a facial and not factual challenge to standing, so that past injury was required to be "alleged" rather than

3

shown). "These considerations may assist courts in determining whether an alleged prospective injury is sufficiently concrete and particularized." *Id.* Specifically, "the focus of the third factor -- i.e., intent to return based on past visits and proximity -- is to ensure that the risk of harm is sufficiently imminent and substantial to establish standing." *Id.* at 74-75.

To overcome a factual challenge to standing at summary judgment, "the party invoking federal jurisdiction bears the burden of establishing the elements of Article III standing." *Lugo v. City of Troy*, No. 22 Civ. 3043, 2024 WL 3942122, at *4 (2d Cir. Aug. 27, 2024). Although "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice," at summary judgment, "the plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts [to support standing] which for purposes of the summary judgment motion will be taken to be true." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *accord Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 114-15 (2d Cir. 2024).

### ii. Past Injury and Continuing Discrimination

Plaintiff satisfies the first two prongs of the ADA standing test. First, the Complaint and Plaintiff's Affidavit demonstrate that on a specific date, Plaintiff was unable to enter the Property due to the step and lack of ramp. This is sufficient to establish a past injury under the ADA, as this requirement can be satisfied by a showing that a plaintiff was deterred from an action by a defendant's conduct. *See Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 188 (2d Cir. 2013) (finding past injury in the context of the ADA where plaintiff was deterred from entering a business due to accessibility barriers); *accord Dominguez v. Banana Republic, LLC*, 613 F. Supp. 3d 759, 765 (S.D.N.Y. 2020), *aff'd sub nom. Calcano*, 36 F.4th 68 (past injury can include "deterrence from using [d]efendant's property because it is not ADA compliant"). Second, it is

4

"reasonable to infer that the discriminatory treatment would continue," *Calcano*, 36 F.4th at 74, as Defendants state that the alleged inaccessibility of the Property due to the lack of permanent wheelchair ramp or lift cannot be corrected.

### iii. Intent to Return

Plaintiff has not shown a sufficiently concrete intent to return under the heightened standard of *Calcano*. *Tavarez v. Moo Organic Chocolates, LLC*, 641 F. Supp. 3d 76, 81 (S.D.N.Y. 2022) (*Calcano* "raised the bar appreciably for adequately pleading standing to seek injunctive relief in ADA cases."). "[T]he focus of the third factor -- i.e., intent to return based on past visits and proximity -- is to ensure that the risk of harm is sufficiently imminent and substantial to establish standing." *Calcano*, 36 F.4th at 74-75. "Thus, the central inquiry is not whether a complaint pleads the magic words that a plaintiff intends to return, but if, examined under the totality of all relevant facts, the plaintiff plausibly alleges a real and immediate threat of future injury." *Id*. at 75. Facts tending to support an intent to return can include specific descriptions of prior visits, of the plaintiff's close proximity to the property or of why a plaintiff is interested in the specific business at issue, as opposed to other, similar merchants. *See Davis v. Wild Friends Foods, Inc*., No. 22 Civ. 04244, 2023 WL 4364465, at *6 (S.D.N.Y. July 5, 2023) (holding as sufficient to show an intent to return allegations that plaintiff sought out defendant's healthy snack spread products because plaintiff "enjoys honeyed butter, is generally interested in organic food as part of his diet, and was interested in trying a new brand to enjoy a healthy and tasty new food," and additionally "[defendant's honey sunflower butter] is marketed as allergen friendly and a healthier eating option because defendant does not use excess sugar or palm oil in its unique recipe . . ."); *Kreisler*, 731 F.3d at 188 (finding as sufficient to support

standing facts establishing that a plaintiff "frequents diners in his neighborhood often, [and] lives within several blocks of the [inaccessible] Diner"); *accord Calcano*, 36 F.4th at 75.

Plaintiff's evidence is insufficiently detailed to establish his intent to return at the summary judgment stage. While Plaintiff argues that the facts asserted to support his standing are akin to those in *Kreisler*, they are more similar to those held insufficient in *Calcano*, especially under the higher pleading standard articulated in that case. Plaintiff asserts that he went to the Property on one occasion in 2021 to have a document notarized. Plaintiff's Affidavit does not describe past visits or attempted visits to the Property before the single incident on October 11, 2021, described in the Complaint and Plaintiff's Affidavit. Plaintiff's Affidavit states that Mr. Bret Sablosky, whose office Plaintiff attempted to visit, is Plaintiff's notary public, but includes no further details to describe what that relationship entails or whether Mr. Sablosky has notarized documents for Plaintiff in the past. *See id.* at 76 ("Nor do [p]laintiffs' vague assertions that they have been customers at [d]efendants' businesses on prior occasions . . . nudge their claims across the line from conceivable to plausible"). In this respect, the facts are even more bare than the "vague assertions" of prior visits at issue in *Calcano*. *Id*.

The joint statement of facts states that Plaintiff, at the time of his visit, lived 2.6 miles from the Property and has since moved to a residence approximately 4 miles from the Property. *See United States v. Melhuish*, 6 F.4th 380, 388 (2d Cir. 2021) (taking judicial notice of the distance between locations). Unlike the close proximity present in *Kreisler*, there is no evidence to support an inference that the Property is in a convenient location to which Plaintiff would return. *Compare Kreisler*, 731 F.3d at 188 (holding fact that plaintiff lived "within several blocks" of the property supported his intent to return), *with Calcano*, 36 F.4th at 76 (holding

6

insufficient the allegation that plaintiff living in the Bronx "would immediately make this interborough trip just to purchase braille gift cards from The Art of Shaving at Columbus Circle.").

Plaintiff states that he "intend[s] to return to Bret Sablosky's office located at the Property whenever [he] need[s] a document notarized and hope[s] to be able to enter the Property in [his] wheelchair." But, Plaintiff's Affidavit includes no evidence that he frequently needs documents notarized or that he has a specific document requiring his signature and notarization in the future. Plaintiff's Affidavit contains no facts showing that this specific notary provides special services valuable to Plaintiff. *See, e.g.*, *Gannon v. JBJ Holdings*, No. 22 Civ. 1674, 2022 WL 6698222, at *3 ("There are many donut shops on the island. Plaintiff does not allege what is distinctive about Defendants' donut shop."); *Gannon v. Yan Ping Ass'n, Inc.*, No. 22 Civ. 1675, 2023 WL 6292533, at *3 (S.D.N.Y. Sept. 22, 2023), *report and recommendation adopted*, No. 22 Civ. 1675, 2023 WL 6611040 (S.D.N.Y. Oct. 7, 2023) ("[Plaintiff] does not explain why he has the desire to return to this particular used clothing store out of the numerous such businesses that exist in Manhattan."); *Calcano*, 36 F.4th at 77 (holding that plaintiffs failed to state why they wanted to purchase braille gift cards "so urgently that they intend to do so immediately as soon as the [d]efendants sell store gift cards that are accessible to the blind," and that "[w]ithout such basic information, [p]laintiffs cannot possibly show that they have suffered an injury that is concrete and particularized"). Because Plaintiff has not proffered sufficient evidence to support an inference that he intends to return to the Property, he lacks standing to bring a claim under the ADA.

    iv.    **NYSCRL, NYSHRL and NYCHRL Claims**

Plaintiff lacks standing to pursue injunctive relief under the NYSCRL, NYCHRL and NYSHRL for the same reasons discussed above. *See Tucker v. Denny's Corp.*, No. 19 Civ.

9843, 2021 WL 4429220, at *2 (S.D.N.Y. Sept. 27, 2021) ("NYSHRL and NYCHRL claims are governed by the same standing requirements as the ADA. Because [a plaintiff] has standing to sue under the ADA, [a plaintiff] similarly has standing sue under the NYSHRL and the NYCHRL."); *Mendez v. Apple Inc.*, No. 18 Civ. 7550, 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019) (holding that "[p]laintiff's New York State and City claims are governed by the same standing requirements as the ADA" where plaintiff brought action under the NYSCRL). To the extent the Court has subject matter jurisdiction to adjudicate Plaintiff's claims for damages under the NYSCRL, NYCHRL and NYSHRL, the Court declines to exercise supplemental jurisdiction over those claims. *See Calcano*, 36 F.4th at 78 ("The district court acted within its discretion in declining to exercise supplemental jurisdiction over [p]laintiffs' state and local law claims.").

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion is **GRANTED**. By **September 20, 2024**, Plaintiff may file a letter seeking leave to amend the Complaint to cure the deficiencies identified in this opinion. The letter shall explain how the deficiencies are cured, and shall include as an attachment a proposed amended complaint marked to show changes compared with the Complaint. If Plaintiff determines that he cannot in good faith cure the deficiencies, or for any reason does not file such a letter, the case will be dismissed with prejudice.

The Clerk of Court is respectfully directed to close the motions at Dkt. 104.

Dated: September 6, 2024
   New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE